WALSH, Respondent, vs. CHICAGO & NORTHWESTERN RAIL-
WAY COMPANY, Appellant.

*March 12—April 3, 1912.*

*Railroads: Injury to person pushed from train: Evidence.*

A finding by the jury that plaintiff, who had boarded a train at the
    rear end of the tender, was pushed therefrom by the baggage-
    man, is *held* to be sustained by the evidence.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge.   *Affirmed.*

Action for personal injury.

Plaintiff, a brakeman in the employ of defendant, was injured, October 17, 1910, by having his leg run over by one of its trains.   The circumstances, as related by him, are these: He went to the depot at Oshkosh to take the train for his home in De Pere.   The train not being due for some little time, as he supposed, he went a short distance from the station to obtain some tobacco.   The place he went to was on

the opposite side of the track from the depot and the side where passengers were required to board trains. Having procured the tobacco and observed that his train had arrived and was starting out, he hurried to reach the track by way of the street and did so just as the engine had crossed it. The cars in the train were of the vestibuled character with all of the entrances closed on the side he approached. There was no way, as he supposed, to board the train except by getting on behind the tender and passing through the baggage car. Being an experienced railroad man and used to boarding and jumping off trains while they were in motion at a moderate rate of speed, without hesitation he secured a place at the rear corner of the tender by stepping both feet into the stirrup there located and taking hold of the handle bar. He purposed then making the front platform of the baggage car, attracting the attention of the baggageman and securing permission from him to pass through to the passenger car. He anticipated no difficulty in that regard because he was acquainted with the baggageman and had been for some time. He had money to pay his fare and intended to do so and ride as a passenger. As he was about to step on the platform the baggageman appeared and ordered him off. He tried to explain who he was and why he had thus boarded the train but the baggageman did not recognize him and persisted in his alighting from the train. He hesitated to do so, whereupon the baggageman violently pushed him off, causing him to fall with his right leg across the rail so the car wheels passed over and severed it.

The trainmen told a different story than plaintiff. The baggageman denied pushing plaintiff off, but admitted he was hanging to the corner of the tender and pushing his hat off to coerce him into alighting. There was other evidence from trainmen tending to show that when plaintiff reached the ground from the tender he picked his hat up and made further attempts to board the train so as to steal a ride. He talked with several persons immediately after he was injured as to

how the accident occurred, not claiming, as such persons testified, that he was pushed off by the baggageman. To such persons he said, as they claimed, that he tried to board the train and slipped so that he was caught by the car wheel; that he caught on to the train but could not get into the car because of the vestibule door being closed. There was other evidence that he stated the circumstances of the injury substantially according to his testimony on the trial.

The jury found in plaintiff's favor upon the ground that the baggageman pushed him violently off the train as he claimed.

Defendant made the necessary motions and took the appropriate exceptions to save for review the question of whether the verdict was warranted by the evidence and that of whether the trial court denied relief from the verdict through mistake of law. Counsel for defendant argued below, on the motion to set aside the verdict as unwarranted by the evidence, that such evidence showed physical impossibility of one circumstanced as the baggageman was to reach another situated as plaintiff claimed he was and push him off. The court answered, "the jury might well have believed the testimony of the plaintiff that he was pushed, and believe that if it were necessary to reconcile that fact with the distance shown, that he was mistaken as to the exact distance between the two parties." The court carefully reviewed the case and stated its conclusion thus: "The evidence presented a fair question for the jury."

For the appellant there was a brief by *William G. Wheeler,* attorney, and *Edward M. Smart,* of counsel, and oral argument by *R. Jackman.*

For the respondent there was a brief by *Martin, Martin & Martin,* and oral argument by *P. H. Martin.*

MARSHALL, J. The only question submitted which calls for mention is whether the evidence had such probative char-

acter, in any view which the jury could reasonably have taken of it, as to warrant a finding that plaintiff was pushed off the train as he claimed.    The learned circuit judge who tried the case answered that very emphatically in the affirmative.    He had better opportunity for discovering the truth than is afforded here.    We cannot say he was clearly wrong.    Therefore the judgment must be affirmed.

*By the Court.*—So ordered.